## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**DARION BOWMAN,** individually and on behalf of similarly situated persons,

                         Plaintiff,

   **v.**

**T & R PIZZA, INC. d/b/a
DOMINO'S PIZZA,**

                         Defendant.

**Case No. _____**

**Class/Collective Action**

**Demand for Jury Trial**

## CLASS/COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Darion Bowman ("Plaintiff"), individually and on behalf of all other similarly situated delivery drivers, brings this Complaint against Defendant, T & R Pizza, Inc. d/b/a Domino's Pizza, and alleges as follows:

1.      Defendant operates numerous Domino's Pizza franchise stores. Defendant employs delivery drivers who use their own automobiles to deliver pizza and other food items to their customers. However, instead of reimbursing delivery drivers for the reasonably approximate costs of the business use of their vehicles, Defendant used a flawed method to determine reimbursement rates that neither reimburses the drivers for their actual expenses, nor at the IRS business mileage rate which is legally required and a reasonable approximation of those

1

expenses. This under-reimbursement causes their wages to fall below the federal minimum wage during some or all workweeks.

2.      Plaintiff brings this lawsuit as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and as a class action under the Michigan Workforce Opportunity Wage Act, M.C.L. § 408.411, *et seq.,* ("WOWA"), to recover unpaid minimum wages owed to Plaintiff and similarly situated delivery drivers employed by Defendant at their Domino's Pizza stores.

3.      Plaintiff also brings a claim on his own behalf for failure to pay minimum wages pursuant to the FLSA and WOWA as a result of Defendant's failure to pay Plaintiff for all hours worked in his final paycheck.

## Jurisdiction and Venue

4.      The FLSA authorizes court actions by private parties to recover damages for violation of its wage and hour provisions. Jurisdiction over Plaintiff's FLSA claim is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question). Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's WOWA claims as the claims are so related to Plaintiff's FLSA claim that they form part of the same case or controversy.

5.      Venue in this District is proper under 28 U.S.C. § 1391 because Defendant resides in this District.

**Parties**

6.     Defendant, T & R Pizza, Inc. d/b/a Domino's is a Michigan corporation maintaining its principal place of business at 10400 Milford Rd, Holly, MI 48442. Defendant may be served via its registered agent, Thomas D Redies at 10400 Milford Rd, Holly, MI 48442, or wherever he may be found.

7.     Plaintiff was employed by Defendant from approximately June 2021 to July 2021 as a delivery driver at Defendant's Domino's Pizza store located in Lapeer, MI. Plaintiff's consent to pursue this claim under the FLSA is attached to this Original Complaint as "Exhibit 1."

**General Allegations**

*Defendant's Business*

8.     Defendant operates numerous Domino's Pizza franchise stores including stores within this District and this Division.

9.     Defendant's Domino's Pizza stores employ delivery drivers who all have the same primary job duty: to deliver pizzas and other food items to customers' homes or workplaces.

*Defendant's Flawed Automobile Reimbursement Policy*

10.     Defendant requires their delivery drivers to maintain and pay for safe, legally-operable, and insured automobiles when delivering pizza and other food items.

11.    Defendant's delivery drivers incur costs for gasoline, vehicle parts and fluids, repair and maintenance services, insurance, depreciation, and other expenses ("automobile expenses") while delivering pizza and other food items for the primary benefit of Defendant.

12.    Pursuant to the Department of Labor Field Operations Handbook, employers are required to either: (1) track and reimburse delivery drivers for their actual expenses, or (2) reimburse delivery drivers at the IRS business mileage reimbursement rate. Moreover, the IRS business mileage reimbursement rate represents the reasonable approximation of delivery drivers' actual expenses.

13.    Defendant's delivery driver reimbursement policy reimburses drivers on a per-delivery basis, but the reimbursement is not based on their actual expenses. Moreover, the reimbursement amount is below the IRS business mileage reimbursement rate or a reasonable approximation of the cost to own and operate a motor vehicle. This policy applies to all of Defendant's delivery drivers.

14.    During the applicable FLSA limitations period (2018 – 2021), the IRS business mileage reimbursement rate ranged between $.545 and $.58 per mile. Likewise, reputable companies that study the cost of owning and operating a motor vehicle and/or reasonable reimbursement rates, including the AAA, have determined that the average cost of owning and operating a vehicle ranged between $.589 and $.637 per mile during the same period for drivers who drive 15,000

4

miles per year. These figures represent a reasonable approximation of the average cost of owning and operating a vehicle for use in delivering pizzas.

15.    However, the driving conditions associated with the pizza delivery business cause even more frequent maintenance costs, higher costs due to repairs associated with driving, and more rapid depreciation from driving as much as, and in the manner of, a delivery driver. Defendant's delivery drivers further experience lower gas mileage and higher repair costs than the average driver used to determine the average cost of owning and operating a vehicle described above due to the nature of the delivery business, including frequent starting and stopping of the engine, frequent braking, short routes as opposed to highway driving, and driving under time pressures.

16.    Defendant's reimbursement policy does not reimburse delivery drivers for even their ongoing out-of-pocket expenses, much less other costs they incur to own and operate their vehicle, and thus Defendant uniformly failed to reimburse its delivery drivers at any reasonable approximation of the cost of owning and operating their vehicles for Defendant's benefit.

17.    Defendant's systematic failure to adequately reimburse automobile expenses constitutes a "kickback" to Defendant such that the hourly wages it pays to Plaintiff and Defendant's other delivery drivers are not paid free and clear of all outstanding obligations to Defendant.

18.     Defendant failed to reasonably approximate the amount of their drivers' automobile expenses to such an extent that its drivers' net wages are diminished beneath the federal minimum wage requirements.

19.     In sum, Defendant's reimbursement policy and methodology fail to reflect the realities of delivery drivers' automobile expenses.

### Defendant's Failure to Reasonably Reimburse Automobile Expenses Causes Minimum Wage Violations

20.     Regardless of the precise amount of the per-mile reimbursement at any given point in time, Defendant's reimbursement formula has resulted in an unreasonable underestimation of delivery drivers' automobile expenses throughout the recovery period, causing systematic violations of the federal minimum wage.

21.     Plaintiff was paid the applicable minimum wage while employed by Defendant, including a tip credit applicable to the time he performed deliveries.

22.     During the time Plaintiff worked for Defendant as a delivery driver, he was reimbursed just $.30 per mile.

23.     During the relevant time period, the IRS business mileage reimbursement rate ranged between $.545 and $.58 per mile, which reasonably approximated the automobile expenses incurred delivering pizzas. http://www.irs.gov/Tax-Professionals/Standard-Mileage-Rates.   In 2021, the IRS business mileage reimbursement rate has been $.56 per mile. Taking the difference between the IRS business mileage reimbursement rate in 2021 and the

rate per mile Plaintiff was making ($.30 per mile) in effect during that period as a reasonable approximation of Plaintiff's automobile expenses, every mile driven on the job decreased his net wages by at least $.26 per mile.

24.     During his employment by Defendant, Plaintiff regularly made one to two deliveries per hour and drove an average of 6 miles per delivery. Thus, using even a conservative estimate of Plaintiff's actual expenses and damages, every hour on the job decreased Plaintiff's net wages by at least $2.34 ($.26 x 1.5 deliveries x 6 miles).

25.     All of Defendant's delivery drivers had similar experiences to those of Plaintiff. They were subject to the same reimbursement policy; received similar reimbursements; incurred similar automobile expenses; completed deliveries of similar distances and at similar frequencies; and were paid at or near the minimum wage before deducting unreimbursed business expenses.

26.     Because Defendant paid their drivers a gross hourly wage below the mandatory minimum wage, and because the delivery drivers incurred unreimbursed automobile expenses, the delivery drivers "kicked back" to Defendant an amount sufficient to cause minimum wage violations.

27.     While the amount of Defendant's actual reimbursements per delivery may vary over time, Defendant is relying on the same flawed policy and methodology with respect to all delivery drivers at all of their other Domino's

Pizza stores. Thus, although reimbursement amounts may differ somewhat by time or region, the amounts of under-reimbursements relative to automobile costs incurred are relatively consistent between time and region.

28.     The net effect of Defendant's flawed reimbursement policy is that Defendant has willfully failed to pay the federal minimum wage to their delivery drivers. Defendant thereby enjoys ill-gained profits at the expense of its employees.

**Class and Collective Action Allegations**

29.     Plaintiff brings Count I as an "opt-in" collective action on behalf of similarly situated delivery drivers pursuant to 29 U.S.C. § 216(b).

30.     The FLSA claims may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

31.     Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendant's practice of failing to pay employees federal minimum wage. The number and identity of other plaintiffs yet to opt-in may be ascertained from Defendant's records, and potential class members may be notified of the pendency of this action via mail and electronic means.

32.     Plaintiff and all of Defendant's delivery drivers are similarly situated in that:

a.     They have worked as delivery drivers for Defendant delivering pizza and other food items to Defendant's customers;

b.     They have delivered pizza and food items using automobiles not owned or maintained by Defendant;

c.     Defendant required them to maintain these automobiles in a safe, legally-operable, and insured condition;

d.     They incurred costs for automobile expenses while delivering pizzas and food items for the primary benefit of Defendant;

e.     They were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

f.     They were subject to the same pay policies and practices of Defendant;

g.     They were subject to the same delivery driver reimbursement policy that under-estimates automobile expenses per mile, and thereby systematically deprived of reasonably approximate reimbursements, resulting in wages below the federal minimum wage in some or all workweeks;

h.     They were reimbursed similar set amounts of automobile expenses per delivery; and

i.      They were paid at or near the federal minimum wage before

deducting unreimbursed business expenses.

33.     Plaintiff brings Count II as a class action pursuant to Fed. R. Civ. P.

23, individually and as the Class Representatives of the following persons (the

"Class"):

> All current and former delivery drivers employed by
> Defendants in Michigan since the date three years
> preceding the filing of this Complaint.

34.     The state law claims, if certified for class-wide treatment, are brought

on behalf of all similarly situated persons who worked for Defendant in Michigan

who do not opt-out of the Class.

35.     The Class satisfies the numerosity standard as it consists of hundreds

of persons who are geographically dispersed and, therefore, joinder of all Class

members in a single action is impracticable.

36.     Questions of fact and law common to the Class predominate over any

questions affecting only individual members. The questions of law and fact

common to the Class arising from Defendant's actions include, without limitation:

a. Whether Defendant failed to pay Class members the minimum wage

required by Michigan law;

b. Whether Defendant failed to reasonably reimburse Class members for using their own vehicles to deliver Defendant's pizzas and other food items; and

c. Whether Defendant's formula and / or methodology used to calculate the payment of reimbursement for vehicle expenses resulted in unreasonable under-reimbursement of the Class members.

37.    The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

38.    Plaintiff's claims are typical of those of the Class in that:

a. Plaintiff and the Class have worked as delivery drivers for Defendant delivering pizzas and other food items to Defendant's customers;

b. Plaintiff and the Class delivered pizzas and other food items using

automobiles not owned or maintained by Defendant;

c. Defendant required Plaintiff and the Class to maintain these automobiles in a safe, legally-operable, and insured condition;

d. Plaintiff and the Class incurred costs for automobile expenses while delivering pizzas and other food items for the primary benefit of Defendant;

e. Plaintiff and the Class were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

f. Plaintiff and the Class were subject to the same pay policies and practices of Defendant;

g. Plaintiff and the Class were subject to the same delivery driver reimbursement policy that underestimates automobile expenses per mile, and thereby systematically deprived of reasonably approximate reimbursements, resulting in wages below the Maryland minimum wage in some or all workweeks;

h. Plaintiff and the Class were reimbursed similar set amounts of automobile expenses per delivery; and

i. Plaintiff and the Class were paid at or near Maryland minimum wage before deducting unreimbursed business expenses.

39.    A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to the Class.

40.    Plaintiff is an adequate representative of the Class because he is a member of the Class and his interests do not conflict with the interests of the members of the Class he seeks to represent. The interests of the members of the Class will be fairly and adequately protected by Plaintiff and the undersigned counsel, who have extensive experience prosecuting complex wage and hour, employment, and class action litigation.

41.    Maintenance of this action as a class action is superior to other available methods for fairly and efficiently adjudicating the controversy as members of the Class have little interest in individually controlling the prosecution of separate class actions, no other litigation is pending over the same controversy, it is desirable to concentrate the litigation in this Court due to the relatively small recoveries per member of the Class, and there are no material difficulties impairing the management of a class action.

42.    It would be impracticable and undesirable for each member of the Class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class members.

### *Plaintiff's Individual Claim for Unpaid Minimum Wages*

43.    Plaintiff brings Counts III and IV on behalf of himself for unpaid minimum wages pursuant to the FLSA and MOMA.

44.    With regard to Plaintiff's last paycheck, Plaintiff's check was short by approximately thirty (30) hours.

45.    Given Plaintiff is paid wages at or below the mandatory minimum wage, the failure to pay for any hours worked causes violations of the FLSA and WOWA.

46.    Defendant acted willfully and did not have a good faith basis for its failure to pay all hours worked.

47.    As a result, Plaintiff is entitled to his mandatory minimum wages for all hours worked, plus liquidated damages, and his attorneys' fees and costs.

### Count I:  Violation of the Fair Labor Standards Act of 1938 (Collective Action Claim)

48.    Plaintiff reasserts and re-alleges paragraphs one (1) through forty-seven (47) set forth above.

49.    The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. §206(a).

50.    Defendant is subject to the FLSA's minimum wage requirements because it is an enterprise engaged in interstate commerce, and its employees are engaged in commerce.

51.    At all relevant times herein, Plaintiff and all other similarly situated delivery drivers have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

52.    Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from federal minimum wage obligations. None of the FLSA exemptions apply to Plaintiff or other similarly situated delivery drivers.

53.    Under Section 6 of the FLSA, codified at 29 U.S.C. § 206, employees have been entitled to be compensated at a rate of at least $7.25 per hour since July 24, 2009.

54.    As alleged herein, Defendant has reimbursed delivery drivers less than either (1) their actual expenses, or (2) the IRS business mileage rate, which is a reasonably approximate amount of their automobile expenses. This under-reimbursement diminishes these employees' wages beneath the federal minimum wage.

55.    Defendant knew or should have known that their pay and reimbursement policies, practices and methodology result in failure to compensate delivery drivers at the federal minimum wage.

56.    Defendant, pursuant to their policy and practice, violated the FLSA by refusing and failing to pay federal minimum wage to Plaintiff and other similarly situated employees.

57.    Plaintiff and all similarly situated delivery drivers are victims of a uniform and employer-based compensation and reimbursement policy. This uniform policy, in violation of the FLSA, has been applied, and continues to be applied, to all delivery driver employees in Defendant's stores.

58.    Plaintiff and all similarly situated employees are entitled to damages equal to the minimum wage minus actual wages received after deducting reasonably approximated automobile expenses within three years from the date each Plaintiff joins this case, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard for, whether its conduct was unlawful.

59.    Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages under 29 U.S.C. § 216(b). Alternatively, should the Court find Defendant is not liable for liquidated damages, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

60.     As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been unlawfully withheld by Defendant from Plaintiff and all similarly situated employees. Accordingly, Defendant is liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff and the Class demand judgment against Defendant and pray for: (1) compensatory damages; (2) liquidated damages, (3) costs of litigation and attorney's fees as provided by law; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

### Count II: Violation of the Michigan Workforce Opportunity Wage Act (M.C.L. § 408.414) (Class Action Claim)

61.     Plaintiffs reassert and re-allege paragraphs one (1) through forty-seven (47) set forth above.

62.     The WOWA requires an employer to pay nonexempt employees at least the state minimum wage for all hours worked.

63.     At all relevant times, Defendant failed to pay the required minimum wages to Plaintiff and all similarly situated delivery drivers as a result of their policy and practice of reimbursing delivery drivers less than either (1) their actual expenses, or (2) the IRS business mileage rate, which is a reasonably approximate

amount of their automobile expenses.

64. Plaintiff and all similarly situated delivery drivers are victims of a uniform and employer-based compensation and reimbursement policy. This uniform policy, in violation of WOWA, has been applied, and continues to be applied, to all delivery driver employees in Defendant's stores.

65. Defendants' violations of the WOWA were knowing and willful. Defendants knowingly failed to pay the required minimum wages to Plaintiff and all similarly situated delivery drivers, as a matter of company policy and in flagrant disregard of the WOWA.

66. Plaintiff and all similarly situated delivery drivers are entitled to damages equal to the minimum wage minus actual wages received after deducting reasonably approximated automobile expenses within three years from the date each Plaintiff joins this case, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard for, whether its conduct was unlawful.

67. Plaintiffs are also entitled to an award of reasonable attorneys' fees and costs, pursuant to the Workforce Opportunity Wage Act, Public Act 138 of 2014.

WHEREFORE, Plaintiff and the Class demand judgment against Defendant and pray for:

(1) compensatory damages; (2) liquidated damages, (3) costs of litigation and attorney's fees as provided by law; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

## Count III:  Violation of the Fair Labor Standards Act of 1938 (Individual Claim)

68.    Plaintiff reasserts and re-alleges paragraphs one (1) through forty-seven (47) set forth above.

69.    Plaintiff is/was entitled to be paid the minimum wage for each hour worked per week.

70.    During his employment with Defendant, Plaintiff was not paid the minimum wage for each week of work performed in violation of the FLSA.

71.    As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff minimum wages for each hour worked in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

72.    Defendant did not have a good faith basis for its failure to pay Plaintiff minimum wages for each hour worked.

73.    As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

74.    Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, Darion Bowman, demands judgment against Defendant for (1) the payment of all unpaid minimum wages for which Defendant did not properly compensate him, (2) liquidated damages, (3) reasonable attorneys' fees and costs incurred in this action, and (4) any and all further relief that this Court determines to be just and appropriate.

### Count IV:  Violation of the Michigan Workforce Opportunity Wage Act (M.C.L. § 408.414) (Individual Claim)

75.    Plaintiff reasserts and re-alleges paragraphs one (1) through forty-seven (47) set forth above.

76.    Plaintiff is/was entitled to be paid the minimum wage for each hour worked per week.

77.    Michigan's current minimum wage rate is $9.65 per hour.

78.    During his employment with Defendant, Plaintiff was not always paid the minimum wage for each hour of work performed in violation of M.C.L. § 408.414.

79.    As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff minimum wages for each hour worked in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

80.    Defendant did not have a good faith basis for its failure to pay Plaintiff minimum wages for each hour worked.

81.    As a result of Defendant's willful violation of the law, Plaintiff is entitled to liquidated damages in an amount equal to the unpaid wages.

82.    Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, Darion Bowman, demands judgment against Defendant for (1) the payment of all unpaid minimum wages for which Defendant did not properly compensate him, (2) liquidated damages, (3) reasonable attorneys' fees and costs incurred in this action, and (4) any and all further relief that this Court determines to be just and appropriate.

### Demand for Jury Trial

Plaintiff hereby requests a trial by jury of all issues triable by jury.

Dated this 13th  day of December, 2021.

Respectfully submitted,

**/s/ MICHAEL HANNA**
Michael Hanna, Esq.
Michigan Bar No.: P81462
Morgan & Morgan, P.A.
2000 Towne Center  - Suite 1900
Southfield,  MI 48075
Telephone:  (313) 739-1950
Facsimile:   (313) 739-1975
Email:       mhanna@forthepeople.com

C. Ryan Morgan, Esq.
*(pro hac vice forthcoming)*

FBN 0015527
Jolie N. Pavlos, Esq.
*(pro hac vice forthcoming)*
FBN 0125571
Morgan & Morgan, P.A.
20 N. Orange Ave., 15th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone:  (407) 420-1414
Facsimile:  (407) 245-3401
Email:     RMorgan@forthepeople.com
           JPavlos@forthepeople.com